23-7964-cr
*United States v. Moyhernandez*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-four.

Present:

> BARRINGTON D. PARKER,
> EUNICE C. LEE,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                                    No. 23-7964-cr

JOSE MOYHERNANDEZ, AKA YINDO,

> *Defendant-Appellant*.

———————————————————————

For Appellee:                          REBECCA R. DELFINER, Assistant United States Attorney (Olga I. Zverovich, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

For Defendant-Appellant:                    DARRELL FIELDS, Federal Defenders
                                            of New York, Inc., Appeals Bureau,
                                            New York, NY.

Appeal from a December 4, 2023 judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jose Moyhernandez appeals from the district court's denial of his motion for a reduced sentence brought pursuant to Section 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Following a jury trial in 2000, Moyhernandez was convicted of one count of conspiracy to distribute and possess with intent to distribute 90 grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) ("Count 1"), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count 2"). Because the government filed a prior felony information, Moyhernandez faced a mandatory minimum of 20 years' imprisonment for the conviction under Count 1. *See* 18 U.S.C. § 841(b)(1)(A)(iii) (1998). Moreover, based on two prior convictions in Massachusetts for felonies involving cocaine, the Probation Office determined that Moyhernandez qualified for sentencing as a "career offender," resulting in a 30-year mandatory minimum under the then-mandatory U.S. Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G."). *See* U.S.S.G. § 4B1.1 (U.S. Sent'g Comm'n 1998); *United States v. Booker*, 543 U.S. 220, 233–34 (2005). The trial court (Mukasey, *J.*) sentenced Moyhernandez to 30 years' imprisonment on Count 1, the lowest permissible sentence. Moyhernandez was also sentenced to a concurrent term of 10 years' imprisonment on Count 2, to

2

be followed by 10 years of supervised release.  The sentence was affirmed on direct appeal. *United States v. Moyhernandez*, 17 F. App'x 62 (2d Cir. 2001).

The First Step Act of 2018 made the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, applicable retroactively.  *See* First Step Act § 404(b), 132 Stat. at 5222.  As relevant to Moyhernandez, the Fair Sentencing Act raised the threshold quantity of crack possession required for the 20-year minimum sentence to apply from 50 grams to 280 grams.[1] *See* Fair Sentencing Act § 2, 124 Stat. at 2372.  As a result, Moyhernandez's Count 1 charge carries only a 10-year statutory minimum today.  *See* 18 U.S.C. § 841(b)(1)(B)(iii).  Based on his eligibility for resentencing and various assertedly mitigating factors, including the original trial judge's stated belief that a sentence less than the then-mandatory minimum of 30 years was appropriate, Moyhernandez filed a motion in 2019 for a discretionary sentence reduction under the First Step Act.

In 2020, the district court denied Moyhernandez's motion, finding that it had "no mandate to consider [18 U.S.C.] § 3553(a) factors when reducing a sentence under [18 U.S.C.] § 3582(c)(1)(B)" and the First Step Act.  *United States v. Moyhernandez*, No. 97-CR-197 (LAP), 2020 WL 728780, at *2 (S.D.N.Y. Feb. 13, 2020).  In 2021, this Court affirmed the denial, finding that "consideration of the § 3553(a) factors is not required on review of a motion brought pursuant to § 404 of the First Step Act—though it is certainly permitted."  *United States v. Moyhernandez*, 5 F.4th 195, 198 (2d Cir. 2021).  The Supreme Court granted certiorari and, after deciding *Concepcion v. United States*, 597 U.S. 481 (2022), vacated this Court's judgment and

---

[1] Without a drug felony conviction, the statutory minimum is ten years.  *See* 18 U.S.C. § 841(b)(1)(A).

remanded for further consideration. *See* 142 S. Ct. 2899 (2022). Subsequently, this Court remanded the case to the district court to consider Moyhernandez's argument that 18 U.S.C. § 3553(a) "militated in favor of a sentence reduction." App'x at 70. The district court's second denial of the motion for a sentence reduction is now before us. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

**DISCUSSION**

The denial of a motion for a discretionary sentence reduction is reviewed for abuse of discretion. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). "Mere disagreement with how the district court balanced the § 3553(a) factors . . . is not a sufficient ground for finding an abuse of discretion. Instead, a district court abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *United States v. Halvon*, 26 F.4th 566, 569 (2d Cir. 2022) (alterations adopted) (internal quotation marks and citations omitted). Errors of law are "pure questions of law [that] are to be reviewed *de novo*." *United States v. Barresi*, 361 F.3d 666, 671 (2d Cir. 2004) (alterations adopted) (internal quotation marks omitted).

On appeal, Moyhernandez argues that in denying his motion for resentencing, the district court committed legal error by focusing on "the evils caused by" crack-cocaine trafficking because such a focus contravenes Congress's remedial purpose of correcting "overly harsh" and "race-based" crack offense sentences through the Fair Sentencing Act and the First Step Act. Appellant's Br. at 26. On *de novo* review, we find no legal error in the district court's reasoning. The district court permissibly discussed "crack cocaine trafficking" and "narcotics traffickers" to

4

evaluate adequate general deterrence in accordance with 18 U.S.C. § 3553(a)(2)(B). App'x at 117. Section 3553(a)(2)(B) allows the district court to consider the societal impacts of a particular type of crime. *See United States v. Cavera*, 550 F.3d 180, 196–97 (2d Cir. 2008) (en banc) (discussing how a judge may consider a type of crime's aggregate consequences to determine an appropriate sentence under 18 U.S.C. § 3553(a)(2)(B)). Because the First Step Act and the Fair Sentencing Act do not proscribe certain rationales from being considered in a court's Section 3553 analysis, the district court did not commit a legal error by taking into account the general ramifications of crack trafficking as one factor in its denial of Moyhernandez's motion.

Moyhernandez also argues that even if the district court did not commit a legal error, it abused its discretion by erroneously weighing considerations "not probative of the current need for [his] continuing incarceration." Appellant's Br. at 33. Specifically, Moyhernandez contends the district court should not have considered (1) gun trafficking deterrence because his sentence for the firearm conviction had already been served; (2) his part in a crack distribution group because he did not have a supervisory role in that group; (3) his act of fleeing from prosecution because it occurred decades ago; or (4) the ten disciplinary infractions he received while incarcerated over a 19-year period because none involved serious injury to anyone. However, we find that these contentions are "mere disagreement[s]" with the district court's view of facts in the record, and none are "a sufficient ground for finding an abuse of discretion." *Halvon*, 26 F.4th at 569. In its discretion, the district court was permitted to consider "information concerning the background, character, and conduct" of Moyhernandez, and did so here to weigh the Section 3553 factors. *See* 18 U.S.C. § 3661.

5

We have considered Moyhernandez's remaining contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6